***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Baddour with modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Workers' Compensation Act.
4. Plaintiff suffered a compensable injury on March 11, 2002 for which defendant accepted liability on an Industrial Commission Form 60.
5. The parties submitted the following set of stipulated facts after a conference call with Deputy Commissioner Baddour on September 26, 2007:
 a) Dr. Dellaero did not appear for his deposition scheduled for August 29, 2007 at 6:30 a.m.
 b) The attorneys for the parties left the job video and written job description with Dr. Dellaero's assistant for Dr. Dellaero to review and approve or disapprove.
 c) Dr. Dellaero approved the Histology position by signing and returning the job description to plaintiff's attorney.
 d) The parties are in agreement that Dr. Dellaero's deposition is no longer necessary.
 e) According to the September 19, 2007 e-mail from LeAnn Hinson, the Histology position at Duke is not available.
 f) Ron Alford, vocational counselor, is continuing to provide his services to help locate other available histology positions as evidenced by his e-mail dated September 26, 2007.
 *********** EXHIBITS *Page 3 
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records
 (c) Stipulated Exhibit 3: I.C. Forms and Administrative Orders
 (d) Stipulated Exhibit 4: Vocational Records
 (e) Stipulated Exhibit 5: Medical Payments Printout
 (f) Stipulated Exhibit 6: May 2006 Surveillance
 (g) Stipulated Exhibit 7: October 2006 Surveillance
 (h) Stipulated Exhibit 8: Dr. Dellaero Medical Note dated July 18, 2007 and Histology Technician Job Description Approved by Dr. Dellaero on August 30, 2007.
 (i) Plaintiff's Exhibit 1: Work Restrictions and Rating Assigned May 16, 2003 by Dr. Dimmig
 (j) Plaintiff's Exhibit 2: Plaintiff's Job Application Log
 (k) Plaintiff's Exhibit 3: Work Restrictions Assigned April 23, 2004 by Dr. Dellaero
 (l) Plaintiff's Exhibit 4: Work Restrictions Assigned May 24, 2004 by Dr. Dellaero
 *********** ISSUES (a) Whether plaintiff has constructively refused suitable employment and/or failed to cooperate with vocational rehabilitation efforts, thus entitling the *Page 4 
defendant to suspend her ongoing temporary total disability compensation?
 (b) Whether the defendant is responsible for payment of any medications prescribed by plaintiff's primary care physician other than Celebrex?
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was fifty-four years old.
2. Plaintiff is a high school graduate and obtained a B.A. degree in sociology from North Carolina State University. Plaintiff completed a master's program in sociology in December of 1975, but does not currently possess a degree, as she has not defended her thesis.
3. Prior to her March 11, 2002 work injury, plaintiff worked for over 15 years as a histologist for defendant Duke University (hereinafter "Duke").
4. Plaintiff sustained an admittedly compensable injury to her neck and right upper extremity on or about March 11, 2002.
5. Defendant accepted the compensability of plaintiff's claim by way of an initial Form 60, Employer's Admission to Employee's Right to Compensation, dated April 9, 2002, and a subsequent Form 60 dated June 12, 2002.
6. Since 2002, plaintiff has been out of work and receiving ongoing temporary total disability compensation at the weekly rate of $552.09. *Page 5 
7. On May 24, 2004, Dr. Dellaero assigned plaintiff permanent work restrictions of no repetitive bending, stooping, and lifting and no repetitive upper extremity motion. Dr. Dellaero also indicated that plaintiff was to lift a maximum 1/3 of eight-hour shift and that plaintiff may lift 40 pounds occasionally and up to 25 pounds during half of an eight-hour shift.
8. On December 4, 2006, defendant filed a Form 24 application to suspend plaintiff's compensation on the grounds that plaintiff had constructively refused suitable employment and that plaintiff was not cooperating with vocational rehabilitation. Defendant's Form 24 application was denied by an Order filed January 26, 2007, and plaintiff was ordered to comply with all reasonable vocational rehabilitation efforts.
9. Defendant contends that plaintiff is able to return to a histology technician job at Duke, the job she was working prior to her injury.
10. Prior to the hearing of this matter before the deputy commissioner, Dr. Dellaero had not reviewed the histology technician job for approval or disapproval. Defendant's written contentions assert that the defendant attempted to have Dr. Dellaero review the histology technician position at Duke soon after Mr. Alford discovered its availability. However, defendant was not able to secure Dr. Dellaero's review prior to the hearing of this matter before the deputy commissioner. Plaintiff testified that she has concerns about the histology technician job, but would be willing to attempt the job if a job description was reviewed and approved by Dr. Dellaero.
11. At the conclusion of the hearing of this matter before the deputy commissioner, Deputy Commissioner Baddour ordered that plaintiff undergo a current evaluation by Dr. Dellaero, that the parties prepare of video of the histology technician job at Duke, and that Dr. Dellaero be shown the video and asked whether plaintiff may attempt to return to the job. *Page 6 
12. Dr. Dellaero saw plaintiff on July 18, 2007 for a current evaluation. In his office note, Dr. Dellaero stated that plaintiff's permanent work restrictions remain as assigned on May 24, 2004.
13. The parties scheduled Dr. Dellaero's deposition for August 29, 2007. After Dr. Dellaero failed to appear for the deposition, the attorneys for the parties left a job video, and a written job description, of the histology technician position at Duke with Dr. Dellaero's assistant for Dr. Dellaero to review and approve or disapprove. Dr. Dellaero indicated his approval for plaintiff to attempt the histology position by signing and returning the job description to plaintiff's counsel.
14. At the time Dr. Dellaero approved the histology technician position for plaintiff, the job was not available at Duke. Based upon the greater weight of the evidence, the Full Commission finds that defendant never offered a histology job to plaintiff.
15. Ron Alford, the vocational rehabilitation professional who has been assisting plaintiff in her job search, is continuing to provide his services to help locate other available histology positions. Mr. Alford testified that plaintiff has been diligent in her job search efforts and that plaintiff has kept him well informed of her job search activities. Plaintiff has never failed to attend any job interviews. Plaintiff has applied for hundreds of positions both at Duke and at other facilities and has never refused to participate in vocation rehabilitation efforts. The greater weight of the credible evidence establishes that plaintiff has been diligent in her job search efforts and that plaintiff has made a reasonable effort to obtain employment.
16. Defendant is presently paying for the Celebrex prescribed to plaintiff for her compensable injury. Plaintiff offered no expert medical testimony to establish the compensability of any other prescription drugs allegedly related to her compensable injury. *Page 7 
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has made reasonable efforts to find suitable employment. Plaintiff has not constructively refused suitable employment, and plaintiff has cooperated with vocational rehabilitation efforts. Therefore, defendant is not entitled to suspend plaintiff's ongoing temporary total disability compensation. However, now that Dr. Dellaero has approved the histology technician position at Duke, any future refusal of plaintiff to cooperate with pursuing any open histology technician positions at Duke, or similar histology technician positions with other employers within plaintiff's restrictions, shall be grounds for suspension of plaintiff's benefits upon approval by the Commission. N.C. Gen. Stat. §§ 97-25; 97-32.
2. The medical evidence of record fails to establish the compensability of any prescription drugs in addition to the Celebrex that is currently being provided by the defendant.
3. Counsel for plaintiff is entitled to an attorney fee based upon hours spent by plaintiff's counsel on the appeal of this matter to the Full Commission as set forth by affidavit. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendant shall pay ongoing temporary total disability compensation to plaintiff at the weekly rate of $552.09. *Page 8 
2. Any future refusal of plaintiff to cooperate with pursuing any open histology technician positions at Duke, or similar histology technician positions at other employers within plaintiff's restrictions, shall be grounds for suspension of plaintiff's benefits upon approval by the Commission.
3. Plaintiff's claim to establish the compensability of prescription drugs in addition to Celebrex is denied.
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from future sums due plaintiff and paid directly to plaintiff's counsel by deducting every fourth compensation check due plaintiff.
5. Plaintiff's counsel is hereby ordered to file within 15 days from receipt of this Opinion and Award an affidavit of hours spent prosecuting plaintiff's claim on appeal before the Full Commission.
6. Defendant shall pay the costs due the Commission.
This the 7th day of October, 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT
 COMMISSIONER S/___________________ *Page 9 
PAMELA T. YOUNG CHAIR *Page 1